UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GARFIELD W. WRIGHT,

                        Plaintiff,                  **MEMORANDUM & ORDER**
       -against-                                 23-CV-856 (PKC) (VMS)

GARY G. TERRINONI, VASANTHA K.
KONDAMUDI, SAM J. AMIFAR, ROBERT
AULICINO, STACY A. FRIEDMAN, JUDY
McLAUGHLIN, GUY MENNONNA, LENNY
H. SINGLETARY, III, SHARON WICKES,
ARMAND P. ASARIAN, JOHN J. FERRARA,
KIM C. FLODIN, JAMES GASPERINO,
LEONID GORELIK, SHARON M. LAWSON-
DAVIS, DEAN LINDSEY, KAREN MILANO,
DONALD P. MINARCIK, DEBORAH
NIEDERHOFFER, EGONDU ONUOHA,
AILEEN TANAFRANCA, JOHN WALSH,
PAUL Y. WONG, TOM FOLEY, and FRANKY
GOLDSBERRY,

                        Defendants.
---------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On February 1, 2023, *pro se* Plaintiff Garfield W. Wright, formerly employed at the Brooklyn Hospital Center, filed this action against Defendants alleging employment discrimination based on his religious beliefs pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e—2000e-17. (Complaint ("Compl."), Dkt. 1, at ECF[1] 1–13.) Plaintiff seeks $2 million in damages, back pay, and reinstatement. (*Id.* at ECF 18.) The Court grants Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the complaint with leave to amend within 30 days.

## BACKGROUND

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Plaintiff alleges that he was wrongfully terminated when he elected due to his religious beliefs not to comply with a Covid-19 vaccine mandate imposed by his employer, the Brooklyn Hospital Center, and his employer failed to grant him a religious exemption from the mandate. (Dkt. 1, at ECF 15, 25.)  On November 17, 2022, the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights.  (*Id.*, at ECF 20.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021).  Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).  In addition, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's

race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a)(1).  To establish a Title VII claim, a plaintiff must show that he is a member of a protected class, that he was qualified for the position, and that he suffered an adverse employment action under circumstances giving rise to an inference of discrimination.  *See Ruiz v. County of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010).  "[A]t the initial stage of the litigation . . . the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original); *see also Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) ("[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation." (internal quotation marks omitted)).  Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. and N.J.,* 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted).

Title VII does not provide for individual liability; rather, only the employer may be named.  *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) ("Before reaching the substance of [Plaintiff's] Title VII claim for unlawful termination, we note that individuals are not subject to liability under Title VII." (internal quotation marks omitted)).  Here, Plaintiff has only named individual defendants and has not named his employer, the Brooklyn Hospital Center, as a defendant.  Plaintiff's complaint is therefore dismissed against each individual Defendant for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**CONCLUSION**

Accordingly, the Court dismisses Plaintiff's complaint, filed *in forma pauperis*, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days from the entry of this Memorandum & Order to amend his complaint to name the proper defendant.

The amended complaint must include a short and plain statement of facts sufficient to support a plausible claim that his employer discriminated against him in violation of Title VII. Plaintiff must also attach the EEOC Dismissal and Notice of Rights letter to the amended complaint.

If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum & Order: No. 23-CV-856 (PKC) (VMS). The amended complaint shall replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint.

All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within the time allowed, or fails to show good cause why he cannot comply within the time allowed, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum & Order along with an employment discrimination complaint form to the *pro se* Plaintiff and note service

on the docket. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 for free, limited-scope legal assistance.

SO ORDERED.

*/s/Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: March 9, 2023
      Brooklyn, New York