UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GARFIELD W. WRIGHT,

                            Plaintiff,

   -against-

GARY G. TERRINONI, VASANTHA K.
KONDAMUDI, SAM J. AMIFAR, ROBERT
AULICINO, STACY A. FRIEDMAN, JUDY
McLAUGHLIN, GUY MENNONNA, LENNY          **MEMORANDUM & ORDER**
H. SINGLETARY, III, SHARON WICKES,              23-CV-856 (PKC) (VMS)
ARMAND P. ASARIAN, JOHN J. FERRARA,
KIM C. FLODIN, JAMES GASPERINO,
LEONID GORELIK, SHARON M. LAWSON-
DAVIS, DEAN LINDSEY, KAREN MILANO,
DONALD P. MINARCIK, DEBORAH
NIEDERHOFFER, EGONDU ONUOHA,
AILEEN TANAFRANCA, JOHN WALSH,
PAUL Y. YOUNG, TOM FOLEY, and FRANKY
GOLDSBERRY,

                            Defendants.
-------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      On February 1, 2023, *pro se* Plaintiff Garfield W. Wright, formerly employed at the Brooklyn Hospital Center, filed this action against Defendants alleging employment discrimination based on his religious beliefs pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17. (Complaint ("Compl."), Dkt. 1, at ECF[1] 1–13.) By Memorandum and Order dated March 9, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis*

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

pursuant to 28 U.S.C. § 1915(a) and dismissed the Complaint with leave to amend within 30 days. (Dkt. 4.) On May 2, 2023, Plaintiff filed an Amended Complaint.[2] (Am. Compl., Dkt. 5.)

However, the Amended Complaint is virtually a duplicate of the original complaint and does not comply with the Court's order that Plaintiff name his employer as defendant and provide a short plain statement of facts sufficient to support a plausible claim that his employer discriminated against him in violation of Title VII. (*Cf.* Compl., Dkt. 1 and Am. Compl. Dkt. 5.) Accordingly, as discussed below, the Court dismisses the amended complaint and grants Plaintiff leave to file a second amended complaint within 30 days.

## BACKGROUND

Plaintiff alleges that he was wrongfully terminated when he elected due to his religious beliefs not to comply with a Covid-19 vaccine mandate imposed by his employer, the Brooklyn Hospital Center, and his employer failed to grant him a religious exemption from the mandate. (Am. Compl., Dkt. 5, at ECF 15.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a

---

[2] Although Plaintiff failed to timely file his Amended Complaint, the Court has considered the substance of it. However, as noted below, if Plaintiff fails to comply the 30-day deadline for filing his Second Amended Complaint, the Court might dismiss it as untimely.

complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021).  Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).  In addition, the Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin."  42 U.S.C. 2000e-2(a)(1).  To establish a Title VII claim, a plaintiff must show that he is a member of a protected class, he was qualified for the position and that he suffered an adverse employment action under circumstances giving rise to an inference of discrimination.  *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010).  "[A]t the initial stage of the litigation[,] . . . the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation."  *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) ("[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation." (internal quotation marks omitted)).  Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed."  *EEOC v. Port Auth. of N.Y. and N.J.,* 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted).

Title VII does not provide for individual liability; rather, only the employer may be named. *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) ("Before reaching the substance of [Plaintiff's] Title VII claim for unlawful termination, we note that individuals are not subject to liability under Title VII." (internal quotation marks omitted)).

Here, Plaintiff again only names individual defendants and not his employer, the Brooklyn Hospital Center, as a defendant in his Amended Complaint. Plaintiff further claims that "Mr. Franky Golsberry, acting as agent on behalf of his employers who are listed in this complaint are all complicit in discriminating against me and my religious beliefs – thus denying me equal opportunity under the law." (Am. Compl., Dkt. 5, at ECF 15.) Plaintiff is incorrect in characterizing the individuals listed in the amended complaint as his "employers" because he was employed by the Brooklyn Hospital Center. (*See* Am. Compl., Dkt. 5, at ECF 13, 15 (identifying Brooklyn Hospital Center as his employer); Compl., Dkt. 1 at ECF 24 (Equal Employment Opportunity Commission, Charge of Discrimination setting forth Brooklyn Hospital Center as the employer)). Plaintiff's Amended Complaint is therefore dismissed against each individual Defendant for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, the Court dismisses Plaintiff's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's *pro se* status, the Court again grants Plaintiff thirty (30) days from the entry of this Memorandum and Order to file a *second* amended complaint to name the proper defendant.

The amended complaint must include a short and plain statement of facts sufficient to support a plausible claim that his employer discriminated against him in violation of Title VII.

4

Plaintiff must also attach the EEOC Dismissal and Notice of Rights letter to the amended complaint.

If Plaintiff elects to file a second amended complaint, it must be captioned "Second Amended Complaint" and bear the same docket number as this Memorandum & Order, No. 23-CV-856 (PKC) (VMS).  The second amended complaint shall replace the amended complaint. That is, the second amended complaint must stand on its own without reference to the original or the amended complaints.  All further proceedings shall be stayed for 30 days.  The second amended complaint shall be reviewed for compliance with this Order and substantive sufficiency.  If Plaintiff fails to file a second amended complaint *within the time allowed* or the second amended complaint fails to comply with this Order, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, limited-scope legal assistance.

SO ORDERED.

*/s/Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 15, 2023
        Brooklyn, New York