

**Barbara E. Hoey**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-7628
Fax:  (212) 808-7897

October 20, 2023

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Garfield Wright v. The Brooklyn Hospital Center*, 23-cv-856 (PKC) (VMS)

Your Honor:

Our firm represents Defendant The Brooklyn Hospital Center (the "Hospital" or "Defendant") in the above-referenced matter. In accordance with Your Honor's Rules, we write to respectfully request a pre-motion conference before making a motion to dismiss Plaintiff Garfield Wright's ("Plaintiff") Second Amended Complaint (ECF No. 9) (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The basis for the Hospital's anticipated motion are set out below.[1] We respectfully request the Court schedule a pre-motion conference, or, alternatively, set a briefing schedule as follows:

- November 17, 2023 – Hospital to serve moving papers;
- December 15, 2023 – Plaintiff to serve opposition papers;
- January 12, 2023 – Hospital to serve reply papers, and all motion papers to be filed in accordance with Your Honor's Rules.[2]

**I. Plaintiff's Claims**

Plaintiff alleges a single cause of action: a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). The details of his claim are sparse, however. Plaintiff alleges that he "invoke[ed] [his] sincerely [held] religious belief against taking the Covid-19 vaccine," and that he "tried to compromise with management," but was "placed on leave" when he refused to be vaccinated against COVID-19. (ECF No. 9 at 5-6). We submit Plaintiff claims, in a conclusory fashion, that the Hospital discriminated against him based upon his religious beliefs, but fails entirely to set forth a prima facie case for such a claim. Therefore, the Complaint should be dismissed.

---

[1] The Hospital reserves the right to assert any additional arguments in its motion not addressed in this letter.
[2] The dates in the Hospital's proposed schedule take into account the December holidays and planned vacations in January.

Honorable Pamela K. Chen
October 20, 2023

## II. Defendant's Anticipated Motion

### A. Plaintiff Fails to Plead a Prima Facie Claim for Religious Discrimination

Under Title VII, "[i]n order to make out a prima facie case of religious discrimination, a plaintiff must show that (1) [he] held a bona fide religious belief conflicting with an employment requirement; (2) [he] informed her employer of this belief; and (3) [he] was disciplined for failure to comply with the conflicting employment requirement.'" *Lewis v. New York City Transit Auth.*, 12 F. Supp. 3d 418, 442 (E.D.N.Y. 2014) (quoting *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006)). The Complaint fails to allege *any* bona fide religious belief which prevented Plaintiff from complying with the Hospital's vaccination requirement. Indeed, Plaintiff fails to plead what his religion even is, effectively asking the Hospital (and the Court) to guess the protected characteristic upon which he predicates his claim for discrimination. *Cf. Charles v. City of New York*, No. 21-cv-5567-JPC, 2023 WL 2752123, at *4, 7 (S.D.N.Y. Mar. 31, 2023) (dismissing federal, state and city racial discrimination claims where plaintiff failed to "allege what [his] race is").

Additionally, Plaintiff fails to allege that he informed the Hospital of any such religious belief, other than the vague allegation that he "invoke[ed]" his "sincerely [held] religious belief against taking the Covid-19 vaccine." (ECF No. 9 at 5-6). Because Plaintiff fails to allege a *bona fide* religious belief conflicting with the Hospital's vaccination requirement, his Complaint should be dismissed. *See Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491-CM, 2022 WL 7059182 (S.D.N.Y. Oct. 12, 2022) (dismissing Title VII claim because plaintiff alleged only, without further details, she was a "Born-Again Christian" who was "unwilling to receive the COVID-19 vaccinations").

### B. Granting Plaintiff an Exemption from the Vaccination Requirement Would Have Caused the Hospital an Undue Hardship by Forcing the Hospital to Violate the NYSDOH Vaccine Mandate

On August 26, 2021, the New York State Department of Health ("NYSDOH") effectuated an emergency regulation, 10 N.Y.C.R.R. 2.61 (the "NYSDOH Mandate"), requiring that all "covered personnel" working at healthcare institutions (including the Hospital) be fully vaccinated against COVID-19 by September 27, 2021. The NYSDOH Mandate does not permit religious exemptions. Since its enactment, and during the time period relevant to this dispute, the NYSDOH Mandate withstood challenges in federal and state courts across New York, as well as before the Second Circuit Court of Appeals. *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, (2d Cir. 2021); *Wilson v. New York Soc'y for Relief of Ruptured & Crippled, Maintaining Hosp. for Special Surgery*, No. 22CV9207ATJLC, 2023 WL 5766030, at *5 (S.D.N.Y. Sept. 7, 2023) (holding that "[r]egardless of the current status of Section 2.61, the regulation was in effect at the time of [plaintiff's] request for a religious exemption, and it therefore would have been an undue hardship for Defendant to comply with his request.").

No matter what an employee's religious beliefs are, under no circumstances may Title VII be invoked to require an employer to break the law. *Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.,* No. 22-CV-2929-CS, 2023 WL 3467143, at *5 (S.D.N.Y. May 15, 2023) (citing *Bey v. City of New York*, 999 F.3d 157, 170 (2d Cir. 2021). Yet, that is precisely what Plaintiff appears to claim the Hospital should

**KELLEY DRYE & WARREN LLP**                                                                                    2

Honorable Pamela K. Chen
October 20, 2023

have done by providing him an exemption from its COVID-19 vaccination requirement. The Hospital, via the NYSDOH Mandate, was *required* by law to ensure that all covered personnel were vaccinated against COVID-19 by September 27, 2021, and was further *prohibited* from allowing any exemptions from this requirement on account of an individual's religious beliefs.

Plaintiff worked in TBHC's Environmental Services ("EVS") Department.  As an EVS worker, Plaintiff's primary job responsibilities included, but were not limited to, cleaning patient areas.  Therefore, Plaintiff was "covered personnel" under the NYSDOH Mandate since he could potentially expose patients, residents, or other personnel to COVID-19.

Accordingly, Plaintiff's alleged requested religious exemption from the Hospital's vaccination requirement would have undeniably presented an undue hardship for the Hospital, as it would have required the Hospital to break the law. Courts across New York, including this Court, have dismissed similar claims with regularity, holding that granting a religious exemption would have imposed an undue hardship on healthcare providers, as it would have required them to break the law. *See, e.g.*, *Does 1-2 v. Hochul*, 632 F. Supp. 3d 120, 145 (E.D.N.Y. 2022) ("The sole 'accommodation' the plaintiffs seek—a religious exemption from the vaccine requirement—would impose an undue hardship on the Private Defendants because it would require them to violate state law."); *Corrales v. Montefiore Med. Ctr.*, No. 22-CV-3219-LAP, 2023 WL 2711415, at *7 (S.D.N.Y. Mar. 30, 2023) ("Montefiore could not have granted Corrales's requested exemption without undue hardship because granting the exemption would have required Montefiore to violate binding law.").

### C. Plaintiff Fails to Allege Any Other Claims

The Complaint also passively alleges that Plaintiff "even asked the hospital to honor the original contract that [Plaintiff] signed when [he] first applied for the job and they still did not honor the contract." (ECF No. 9 at 5).  To be clear, this is merely a throw-away allegation by Plaintiff, and not an actually pled claim.  The single claim Plaintiff attempts to plead in the Complaint is a Title VII claim.

Nevertheless, and to the extent that this vague allegation could even be construed as an attempt to plead a breach of contract claim, it fails. In New York, "[a] complaint for breach of contract must allege the provisions of the contract upon which the claim is based," and must "set forth the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." *Valley Cadillac Corp. v. Dick*, 238 A.D.2d 894, 894 (4th Dep't. 1997).  Plaintiff fails to allege any of this, and any "contract" claim or any other unclear, unpled claim must not be allowed to proceed here.

## III. Conclusion

In light of the foregoing, we respectfully request the Court schedule a pre-motion conference, or alternatively, that the Court issue a briefing schedule without holding a pre-motion conference.

Honorable Pamela K. Chen
October 20, 2023


Respectfully submitted,

*/s/ Barbara E. Hoey*

Barbara E. Hoey

cc: *by FedEx and email*
Garfield Wright
50 Legion Street, Apt 15A
Brooklyn, NY 11212
Ibo72981@gmail.com