UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
GARFIELD WRIGHT,

                Plaintiff,

                  **MEMORANDUM & ORDER**

    - against -              23-CV-856 (PKC) (VMS)

BROOKLYN HOSPITAL CENTER,[1]

                Defendant.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      *Pro se* Plaintiff Garfield Wright ("Plaintiff"), a former employee of Brooklyn Hospital

Center ("Defendant"), brings this action alleging violations of Title VII of the Civil Rights Act, 42

U.S.C. §§ 2000e–2000e-17 ("Title VII"), based on religious discrimination in connection with

Defendant's COVID-19 vaccine mandate.  (SAC at ECF 3–4.)  For the following reasons, the

Court dismisses this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for

failure to state a claim.

---

[1] Former defendants Robert Aulicino and Tom Foley were terminated from this action on May 2, 2023, due to the fact that they were not named as defendants in Plaintiff's first Amended Complaint.  (*See* Am. Compl., Dkt. 5, at ECF 1.)  Former defendants Gary G. Terrinoni, Vasantha K. Kondamudi, Sam J. Amifar, Stacy A. Friedman, Judy McLaughlin, Guy Mennonna, Lenny H. Singletary, III, Sharon Wickes, Armand P. Asarian, John J. Ferrara, Kim C. Flodin, James Gasperino, Leonard Gorelik, Sharon M. Lawson-Davis, Dean Lindsey, Karen Milano, Donald P. Minarcik, Deborah Niederhoffer, Egondu Onuoha, Aileen Tanafranca, John Walsh, Paul Y. Wong, and Franky Goldsberry were terminated from this action on May 23, 2023, due to the fact that they were not named as defendants in Plaintiff's Second Amended Complaint.  (*See* Second Am. Compl., Dkt. 9 ("SAC") at ECF 1.)  Therefore, those defendants are excluded from the case caption.  Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

## BACKGROUND

Plaintiff, a former patient-facing Environmental Services worker for Defendants, alleges that he requested a religious exemption from Defendant's mandatory COVID-19 vaccine policy. (*See* SAC at ECF 4–6; Pl.'s Opp'n, Dkt. 21 ("Pl.'s Opp'n") at 3.)[2]  After Defendant denied Plaintiff's request, Defendant fired Plaintiff for being unvaccinated.[3]  (*See* SAC at ECF 4–6; *see also id.* at ECF 5 ("I tried to compromise with management on all levels but all of my words fell on deaf ears.").)  Plaintiff alleges that, in doing so, Defendant violated Title VII.  (*See id.* at ECF 3.)

On March 8, 2022, Plaintiff filed a complaint with the EEOC, which issued a right-to-sue letter on November 17, 2022.  (*Id.* at ECF 7.)  Plaintiff timely filed this action on February 2, 2023. *See Joseph v. Athanasopoulos*, 648 F.3d 58, 63 n.5 (2d Cir. 2011) (noting that plaintiff alleging Title VII violation has 90 days "from the plaintiff's receipt of a right-to-sue letter from the EEOC for the plaintiff to bring a civil action"); *Orsaio v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 22-596, 2023 WL 3410554, at *1 (2d Cir. May 12, 2023) (summary order) (stating that plaintiff's receipt of EEOC right-to-sue notice is presumed to be three days after shown on the notice).  Plaintiff seeks reinstatement of his job and damages of $2 million.  (*Id.* at ECF 8.)

---

[2] In light of Plaintiff's *pro se* status, "[i]t is 'appropriate . . . to consider [P]laintiff's additional materials,' including [Plaintiff's] . . . opposition memorandum." *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 14-CV-5125 (CBA) (RER), 2018 WL 1603872, at *1 n.1 (E.D.N.Y. Mar. 30, 2018) (quoting *Burgess v. Goord*, No. 98-CV-2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999)), *aff'd*, 767 F. App'x 123 (2d Cir. 2019).

[3] The SAC does not clearly indicate when, or even if, Plaintiff was terminated, instead alleging that after Defendant denied Plaintiff's religious exemption, Plaintiff "walked out of the hospital" on December 1, 2021 and was "placed on suspension without pay," which Plaintiff claimed to still be on as of the filing of the SAC in May 2023, i.e., for "17 months." (SAC at ECF 6 (alleging that because he "walked out of their facility," Defendant "failed to give [Plaintiff] a termination letter").)  Since it is patently implausible that Defendant has maintained Plaintiff on a suspension status since December 2021, the Court construes Plaintiff's claim as alleging discriminatory termination, in violation of Title VII.  Indeed, Plaintiff seeks as relief, *inter alia*, reinstatement to his "job position."  (*Id.* at ECF 8.)

**LEGAL STANDARDS**

To survive a motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Tyler v. City of Kingston*, 74 F.4th 57, 61 (2d Cir. 2023). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 495 (2d Cir. 2021).

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"); *see also Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (summary order) (same).

**DISCUSSION**

Under Title VII, to make out a prima facie case of religious discrimination, a plaintiff must prove that: "(1) he [or she] has a bona fide religious belief that conflicts with an employment requirement; (2) he [or she] informed the employer of the belief; [and] (3) he [or she] was disciplined for failure to comply with the [conflicting employment] requirement." *White v. Andy Frain Servs., Inc.*, 629 F. App'x 131, 134 (2d Cir. 2015) (summary order) (citing *Philbrook v.*

*Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)).  Additionally, an employer cannot be found to have engaged in religious discrimination under Title VII if the employer could not have "'reasonably accommodate[d]' the employee's religious needs without 'undue hardship on the conduct of the employer's business.'"  *See Philbrook*, 757 F.2d at 481 (quoting 42 U.S.C. § 2000e(j)).

Courts within the Second Circuit have found an undue hardship on an employer-defendant as a matter of law where a plaintiff's job required him to interact with patients and staff at the defendant's health care facility.  *See, e.g.*, *Smith v. NYS OMH S. Beach Psychiatric Ctr.*, No. 23-CV-4401 (PKC) (LB), 2024 WL 730492, at *3 (E.D.N.Y. Feb. 22, 2024); *St. Hillaire v. Montefiore Med. Ctr.*, No. 23-CV-4763 (PMH), 2024 WL 167337, at *2–4 (S.D.N.Y. Jan. 16, 2024) ("Defendant could not have accommodated [p]laintiff's request because [p]laintiff . . . was a person covered by [10 N.Y.C.R.R. § 2.61].  Had [d]efendant granted [p]laintiff's request for an exemption, it would have been in direct violation of New York State law, thus suffering an undue hardship."); *Conde v. Mid Hudson Reg'l Hosp. Med. Ctr.*, No. 22-CV-3085 (VB), 2024 WL 168282, at *7–8 (S.D.N.Y. Jan. 12, 2024) (denying Title VII relief to a patient-facing nurse who requested an exemption from her employer's vaccine mandate).  Given that "Title VII cannot be used to require employers to break the law," *Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, No. 22-CV-2929 (CS), 2023 WL 3467143, at *5 (S.D.N.Y. May 15, 2023) (collecting cases), courts have declined to analyze the elements of a prima facie case for religious discrimination in the context of COVID-19 vaccine mandates where a Title VII plaintiff's job required her to "engage in activities such that if [she] [was] infected with COVID-19, [she] could potentially expose other covered personnel, patients or residents to the disease," *We The Patriots USA, Inc. v. Hochul* (*We the Patriots I*), 17 F.4th 266, 274 (2d Cir. 2021), *opinion clarified*, 17

F.4th 368 (2d Cir. 2021) (*We the Patriots II*), *cert. denied sub nom. Dr. A v. Hochul*, 142 S. Ct. 2569 (2022).

Given that nothing in the SAC indicates—other than in conclusory fashion—that Plaintiff sought any accommodation other than a blanket exemption, (*see* SAC at ECF 5 (alleging without any elaboration or details that Plaintiff "tried to compromise with management on all levels")), from the COVID-19 vaccination requirement, the Court finds that Defendant could not have accommodated Plaintiff's alleged religious objection to the COVID-19 vaccination requirement without breaking the law and thereby suffering an undue hardship. *See St. Hillaire*, 2024 WL 167337, at *2–4 (finding that "[h]ad [d]efendant granted [p]laintiff's request for an exemption, it would have been in direct violation of New York State law, thus suffering an undue hardship"); *Does 1-2 v. Hochul*, 632 F. Supp. 3d 120, 145 (E.D.N.Y. 2022) ("The sole 'accommodation' the plaintiffs seek—a religious exemption from the vaccine requirement—would impose an undue hardship on the Private Defendants because it would require them to violate state law."); *Conde*, 2024 WL 168282, at *8 (denying Title VII claim where court could not "conceive of an accommodation that would neither have violated [10 N.Y.C.R.R. § 2.61] nor resulted in an undue burden to [D]efendant"); *id.* at *7 ("Although the amended complaint frequently use[d] the term 'accommodation,' what plaintiff requested . . . was in fact an exemption from [the vaccine mandate] that would have allowed her to continue working in her patient-facing position while remaining unvaccinated."); *see also We the Patriots I* , 17 F.4th at 292 ("Title VII does not require covered entities to provide the accommodation that [p]laintiffs prefer— . . . , a blanket religious exemption allowing them to continue working at their current positions unvaccinated.").

Indeed, while Plaintiff's opposition brief suggests that Plaintiff did not know that he could have sought an accommodation rather than a blanket exemption, Plaintiff's brief also indicates that

the accommodation he would have sought would have been "reassignment to other [job] duties where he would not come into contact with patients."[4]  (Pl.'s Opp'n at 3.)  However, even if the Court were to consider the allegations in Plaintiff's memorandum together with the SAC, "[a] reasonable accommodation [under Title VII] can never involve the elimination of an essential function of a job," which would necessarily constitute an undue hardship.  *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003); *Devita v. Mount Sinai Hosp.*, No. 22-CV-9826 (LTS), 2024 WL 3046121, at *6 (S.D.N.Y. June 18, 2024); *see also Harvin*, 2018 WL 1603872, at *1 n.1.  Here, even if Plaintiff could perform some of his responsibilities, given his patient-facing role as an Environmental Services worker, "any accommodation that would entirely remove [him] from the hospital, and from all in-person interaction with patients and staff," would constitute an undue burden on Defendant.  *Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc.*, No. 22-CV-10643 (GHW) (SDA), 2023 WL 3628151, at *5 (S.D.N.Y. May 5, 2023) ("[E]ven if [p]laintiff could perform some tasks remotely, it is inescapable, in the Court's view, that, given [p]laintiff's role as a staff nurse for the Critical Care - Coronary Care Unit, any accommodation that would entirely remove her from the hospital, and from all in-person interaction with patients and staff, would result in at least a *de minimis* burden on Defendant."), *R. & R. adopted*, 2023 WL 3626435 (S.D.N.Y. May 24, 2023).  "At the very least, [P]laintiff would have been unable to perform . . . duties requiring physical contact with patients, and, therefore, another [employee] would have had to cover those duties or [Defendant] would have needed to hire a replacement[.]"

---

[4] Plaintiff does not dispute that 10 N.Y.C.R.R. § 2.61 applied to him.  (*See generally* Am. Compl.; Pl.'s Opp'n); *cf. We the Patriots II*, 17 F.4th at 370 (indicating that "it may be *possible* under [10 N.Y.C.R.R. § 2.61] for an employer to *accommodate*—not *exempt*—employees with religious objections, by employing them in a manner" in which they could *not* "potentially expose . . . covered personnel, patients or residents" to COVID-19, e.g., in a non-patient facing position).

*Conde*, 2024 WL 168282, at *8 (internal quotation marks omitted).  Thus, Plaintiff has failed to allege that Defendant could have reasonably accommodated his alleged religious objections to the vaccine requirement without undue hardship.  *See id.*; *see also Shannon*, 332 F.3d at 100.

Accordingly, the Court grants Defendant's motion to dismiss.

## LEAVE TO AMEND

"District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile."  *Cagle v. Weill Cornell Med.*, No. 22-CV-6951 (LJL), 2024 WL 3520469, at *7 (S.D.N.Y. July 24, 2024).  Here, Plaintiff's central factual contention is that Defendant wrongfully denied him a religious exemption from its COVID-19 vaccination mandate.  (*See* SAC at ECF 4–7.)  However, because Defendant could not grant the blanket exemption from the mandate that Plaintiff requested without suffering undue hardship, it would be futile for Plaintiff to seek to amend his Complaint again.  *See, e.g.*, *Moore v. Montefiore Med. Ctr.*, No. 22-CV-10242 (ER) 2023 WL 7280476, at *8 (S.D.N.Y. Nov. 3, 2023) (denying leave for *pro se* healthcare worker to amend her Title VII and due process challenge to her workplace's vaccine mandate); *Algarin v. N.Y.C. Health + Hosp. Corp.*, 678 F. Supp. 3d 497, 518 (S.D.N.Y. 2023) (denying leave to amend vaccine mandate challenge "given the lack of facts, and legal support, to maintain the claims").

**CONCLUSION**

For all the foregoing reasons, the Court grants Defendant's motion to dismiss, with prejudice.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 17, 2024
        Brooklyn, New York